**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4675**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROY TONY SHAW,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Sr., Senior District Judge.  (1:06-cr-00423-WLO)

———————

Submitted:  February 29, 2008          Decided:  July 23, 2008

———————

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Vincent Frank Rabil, CRUMPLER, FREEDMAN, PARKER & WHITT, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Roy Tony Shaw was convicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and sentenced to 250 months in prison. Shaw appeals, contending the court erred in sustaining the jury's verdict because the evidence was insufficient to convict him, and the court abused its discretion by failing to downwardly depart from the advisory sentencing guidelines range, resulting in an unreasonable sentence. Finding no error, we affirm.

Shaw suggests that the evidence was insufficient to support his felon in possession of a firearm conviction, thus the district court erred in denying his Fed. R. Crim. P. 29 motion. A jury's verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). This Court has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir.) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)), cert. denied, 127 S. Ct. 197 (2006). This Court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States

v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In evaluating the sufficiency of the evidence, this Court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006).

To prove that Shaw was a felon in possession of a firearm under 18 U.S.C. § 922(g)(1)(2000), the Government had to prove that: (1) Shaw previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) Shaw knowingly possessed, transported, or received the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce. See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995)(en banc). At trial, Shaw stipulated that he had previously been convicted of a crime punishable by imprisonment for a term exceeding a year, thus he was a convicted felon. The parties also stipulated that the firearm had traveled in interstate commerce. Accordingly, the only element before the jury was whether Shaw knowingly possessed the firearm.

Two officers testified that they saw Shaw pull a long shiny metal object out of the waistband of his pants and throw it

on a nearby roof as he was running away. One officer heard the object hit the roof. A firearm was recovered from the roof and there was no evidence that it had been there for a great length of time. No other unusual objects were on the roof. Based on this record, there was sufficient evidence of Shaw's possession of the firearm, so the district court properly sustained the jury's guilty verdict.

Shaw next argues that the district court erred by denying his request for a departure based on diminished capacity under USSG § 5K2.13, thus resulting in an unreasonable sentence under 18 U.S.C. § 3553(a) (2000). We lack authority to review a district court's denial of a downward departure unless the court failed to understand its authority to do so. See United States v. Brewer, 520 F.3d 367 (4th Cir. 2008). Because the district court understood its authority to depart, but declined to do so on the facts of this case, we are unable to review its denial of a downward departure.

Accordingly, we affirm Shaw's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED